### J. M. GUFFEY PETROLEUM COMPANY v. GLASS OIL COMPANY.

Decided December 10, 1904.

**1.—Pleading—Express Contract—Variance.**

Upon pleading asserting an express contract for sale at an agreed price, there can be no recovery on an implied contract to pay market value.

**2.—Bailment—Sale.**

The owner of property in possession of a bailee can not recover its value from the latter who declines to purchase it and offers to deliver the property.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Greers, Nall & Neblett,* for appellant.—The allegata and probata must correspond and agree, and no verdict or judgment can be sustained unless there has been an averment to let in the evidence upon which said judgment is predicated, and if a party proves a contract essentially different from that alleged, he must fail. Morris v. Keeling, 79 Texas, 145; W. U. Tel. Co. v. Smith, 88 Texas, 13; W. U. Tel. Co. v. Byro, 9 Texas Ct. Rep., 443; Brady v. Barnett, 9 Texas Ct. Rep., 333; Brinkley v. Harkins, 48 Texas, 225; Moore v. Kennedy, 81 Texas, 147.

GILL, ASSOCIATE JUSTICE.—The Glass Oil Company sued the J. M. Guffey Petroleum Company to recover the market price of 621 7-10 barrels of crude petroleum averring that defendant purchased the oil from plaintiff and promised to pay therefor on demand the market value at the time and place of delivery, which was alleged to be 50 cents per barrel.

The defendant answered by general demurrer and general denial.

A trial before the court without a jury resulted in a judgment for plaintiff for $310.63. Defendant has appealed and complains here of the judgment on the ground that it is without support either in the pleadings or evidence.

The suit was upon an express contract. The evidence showed that plaintiff had no contract with defendant either express or implied for the sale of the oil sued for.

The facts as disclosed by the record are briefly that the Glass Oil Company was a partnership owning and operating oil wells in the Beaumont and Sour Lake fields. They had a contract with appellant, a corporation operating a pipe line and storage tanks, to pipe the product of the wells to its tanks at certain fixed rates. Under this contract the oil in question was taken from appellee's tanks into appellant's pipe line and tickets issued therefor. These tickets are receipts for the oil thus taken and are now held by the plaintiff. The appellant has offered to deliver the oil to appellees or to whomsoever they may sell it, but refuses to purchase it.

It is plain from these facts that the proof does not correspond with the allegations. The truth is plaintiffs brought their suit in the belief that they had a contract with appellant for the sale of the output of the well at 50 cents per barrel. When confronted with the contract on the trial it was discovered that appellant was not a party to it, and that it was in fact made with the Gulf Refining Company, an entirely different concern.

The fact remained, however, that the appellant had the oil sued for and that its market price was 50 cents a barrel at the date of delivery, so the court rendered judgment for its value.

This was error for both reasons assigned. That one can not recover on proof of an implied contract under allegations of an express contract is familiar law. In this case no sort of contract of sale and purchase was proved. Under the facts appellees are entitled to their oil under the stipulations of the pipe line contract with appellant. This they have not asked.

They are not in any event entitled to its value under the facts of this record.

The facts being undisputed the judgment of the trial court is reversed and judgment here rendered for appellant.

*Reversed and rendered.*